IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JENNIFER LAKE, Individually and as** § | | |
| **Representative of the Estate of Frederick** § | | |
| **William Lake, III, Deceased, and as Next** § | | |
| **Friend of Frederick W. Lake, IV, Katherine** § | | |
| **Lake and Parker Lake, Minors,** § | | |
| *Plaintiffs* § | **CIVIL ACTION NO. _____** | |
| § | | |
| § | | |
| VS. § | | |
| § | | |
| **MARRIETT HOTEL SERVICES, INC.,** § | | |
| **and EXER-TECH, INC.,** § | | |
| *Defendants* § | | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS:

**COMES NOW, MARRIOTT HOTEL SERVICES, INC.,** Defendant in a civil action brought in the 190th Judicial District Court of Harris County, Texas entitled: *Jennifer Lake, Individually and as Representative of the Estate of Frederick William Lake, III, Deceased, and as Next Friend of Frederick W. Lake, IV, Katherine Lake and Parker Lake, Minors v. Marriott Hotel Services, Inc. and Exer-Tech, Inc.*, Cause No. 2013-68685, and Defendant files this notice of removal pursuant to 28 U.S.C. §1446(a).

I.

Plaintiffs filed this state court wrongful death and survivorship lawsuit on November 14, 2013 against Marriott Hotel Services, Inc. ("Marriott") and Exer-Tech, Inc. alleging that decedent, who was a patron of Marriott, died as a result of a fall caused by a defective treadmill owned by Marriott on Marriott's premises. *See* Plaintiff's Original Petition.

1

Plaintiffs also allege that Co-Defendant Exer-Tech, Inc. is liable for failure to maintain and repair the treadmill at issue. *Id.* at ¶ 7.1.

II.

A.   *Amount in Controversy*

Marriott would show that it facially apparent that the jurisdictional $75,000 minimum amount in controversy threshold (excluding interest and costs) in this wrongful death and survivorship lawsuit is met. 28 U.S.C. §1332(a). Plaintiffs' Original Petition expressly asserts that Plaintiffs seek damages in excess of $1,000,000.00. *See* Plaintiffs' Original Petition at ¶ 3.1.

B.   *Improper Joinder Cannot Defeat Diversity*

Plaintiffs correctly plead that Marriott is a foreign corporation, while also pleading that Plaintiffs and Co-Defendant Exer-Tech, Inc. are Texas residents. *See* Plaintiffs' Original Petition at ¶¶ 2.1 and 2.3. Although on the face of the pleadings, this case does not appear to be removable based on diversity jurisdiction because of the joinder of a Texas defendant, Marriott contends that removal is proper because the Texas defendant Exer-Tech, Inc. is improperly joined, and not a viable defendant as a matter of law.

In a transparent and erroneous attempt to destroy diversity and block removal, Plaintiffs contend that the non-diverse defendant, Exer-Tech, Inc., negligently failed to maintain and repair the treadmill at issue. *Id.* at 7.1. However, as set out in the attached **Exhibit 1**, the Affidavit of Jose Baralt, Exer-Tech, Inc. never did any maintenance or repair work on the treadmill at issue at any time prior to the incident that forms the basis of Plaintiffs' lawsuit. *Id.* Because Exer-Tech, Inc. never performed any work on the treadmill at issue, Exer-Tech, Inc. owed no duty to Plaintiffs or the decedent and, necessarily, can have breached no duty to Plaintiffs or the decedent, and no act or omission of Exer-Tech, Inc. was the proximate cause of any injuries or

damages to Plaintiffs or the decedent under Texas law. *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987) (finding that a cause of action for negligence in Texas requires three elements: (1) a legal duty owed by one person to another, (2) a breach of that duty, and (3) damages proximately caused by the breach).

The Fifth Circuit has explained the "improper joinder" doctrine:

> The improper joinder doctrine constitutes a narrow exception to the rule of complete diversity. *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). "[T]he purpose underlying the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined." *Id.* Thus, "the focus of the inquiry must be on the joinder, not on the merits of the plaintiffs' case." *Id.* The burden is on the removing party; and the burden of demonstrating improper joinder is a heavy one. *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999)). To establish improper joinder, the removing party must demonstrate either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citing *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

*Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011).

In the present case, Marriott contends that Exer-Tech, Inc. is improperly joined because "there is no possibility of recovery by the plaintiff against the instate defendant . . . ." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Thus, because there is no possibility that Plaintiffs can establish a cause of action under Texas state law against Exer-Tech, Inc., the only non-diverse defendant, Exer-Tech, Inc. can be disregarded under the "improper joinder" doctrine. Once Exer-Tech, Inc. is disregarded, there is complete diversity between the remaining parties. 28 U.S.C. §1332(a). Plaintiffs are citizens of Texas. Marriott is a corporation organized and existing under the laws of the State of Delaware and with its principal place of business located at in the State of Delaware. Marriott is not a citizen of the State of Texas.

C.  *Timeliness of this Notice*

This notice of removal is timely filed under 28 U.S.C. § 1446(b) in that it is filed within 30 days of Marriott's receipt of the Plaintiffs' Original Petition in this action.

D.  *Venue is Proper*

Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending is located in this district.

III.

Defendant will promptly file a copy of this Notice of Removal and a "Notice of Removal to Federal Court" with the clerk of the state court where the suit has been pending. A separate "Notice of Removal to Adverse Party" is also being delivered to Plaintiff through his counsel of record.

IV.

In accordance with 28 U.S.C. §1446(a) and S.D. TX Local Rule 81, in addition to **Exhibit 1,** Marriott has attached the following documents to this Notice of Removal:

- All executed process in the case;
- Plaintiff's Original Petition;
- Defendant's Original Answer;
- All Orders signed by the state judge;
- The Docket Sheet
- An index of matters being filed; and
- A list of all counsel of record, including addresses, telephone numbers, and parties represented.

V.

Plaintiffs made no jury demand. Marriott made a jury demand in its Original Answer in the state court below and paid the jury fee.

**WHEREFORE**, Defendant **MARRIOTT HOTEL SERVICES, INC.** respectfully requests the Court to remove the suit from the state district court to the United States District

Court for the Southern District of Texas, Houston Division, that this Court assume full jurisdiction of this cause as if it had been originally filed here, that further proceedings in the state court be stayed, and for such other and further relief to which Defendant shows itself justly entitled, both at law and in equity.

        Respectfully submitted,

        STEVENS BALDO FREEMAN & LIGHTY, L.L.P.

        __/ s /_____
        DON LIGHTY
        Texas Bar No. 12344600
        550 Fannin, Suite 700
        Beaumont, Texas 77701
        Telephone: (409) 835-5200
        Facsimile: (409) 838-5638

        ATTORNEYS FOR DEFENDANT, MARRIOTT HOTEL SERVICES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Defendant's Notice of Removal, has been sent to all known counsel of record by E-File and facsimile, on this the 18th day of December, 2013, as follows:

        Randall O. Sorrels
        Abraham, Watkins, Nichols, Sorrels, Agosto & Friend
        800 Commerce Street
        Houston, TX 77002-1776
        **Via Facsimile No: (713) 225-0827**

        Mr. Tory Ford Taylor
        Litchfield Cavo, L.L.P.
        One Riverway, Suite 1000
        Houston, TX 77056-6500
        **Via Facsimile No: (713) 418-2001**

        __/ s /_____
        DON LIGHTY